**FAEGRE DRINKER BIDDLE & REATH LLP**
SUSAN Y. LY (SBN 323695)
*susan.ly@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:    +1 310 203 4000
Facsimile:    +1 310 229 1285

Attorneys for Plaintiff
TRANSAMERICA LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE 1, in his or her capacity as Successor Trustee for Michael Dunigan's Trust, and JOHN DOE 2 in his or her capacity as Administrator of the Estate of Phyllis Giannini, AND JOHN DOE 3 in his or her capacity as Administrator of the Estate of Michael Dunigan,<br><br>Defendants. | Case No. **'26 CV 4177 AJB DDL**<br><br>**PLAINTIFF TRANSAMERICA LIFE INSURANCE COMPANY'S COMPLAINT** |

PLAINTIFF'S COMPLAINT
Case No. _____

Plaintiff, Transamerica Life Insurance Company ("Transamerica"), by and through its undersigned counsel, hereby files this Original Complaint against John Doe 1, in his or her capacity as Trustee for Michael Dunigan's Trust, John Doe 2, in his or her capacity as Administrator of the Estate of Phyllis Giannini, and JOHN DOE 3 in his or her capacity as Administrator of the Estate of Michael Dunigan, (collectively the "Defendants") and avers as follows:

## INTRODUCTION

1.      In this action, Transamerica seeks the return of $108,000.00 in life-contingent payments that were not due and owing under the terms of an annuity contract because the measuring life – Michael Dunigan ("Mr. Dunigan") – had passed away, and neither the Trust into which payments were being paid, nor any other heir of the estate of Mr. Dunigan timely notified Transamerica of his passing. Rather, John Doe's, and/or Mr. Dunigan's heirs ultimately received a windfall of $108,000.00 to the detriment of Transamerica.

## PARTIES

2.      Transamerica is a corporation duly organized and existing under the laws of the State of Iowa with its principal place of business in Cedar Rapids, Iowa.

3.      John Doe 1 is an individual, whose identity is not yet known to Transamerica, and who was or is the successor Trustee of a Trust that received the Overpayment (as defined herein) but will likely be identified during this litigation. The true name and capacity, whether individual, corporate, partner, associate, agent, employee, or otherwise, of John Doe 1 is unknown to Transamerica, which therefore sues such Defendants by such fictitious name. Transamerica will amend this complaint to show the true name and capacity of John Doe 1 when it has ascertained the same.

4.      John Doe 2 is an individual, whose identity is not yet known to Transamerica, and who was or is the Administrator of the Estate of Phyllis Giannini, who was the Trustee of the Trust that received the Overpayment (as defined herein), but will likely be identified during this litigation. The true name of John Doe 2 is unknown to Transamerica, which

- 2 -

therefore sues such Defendants by such fictitious name. Transamerica will amend this complaint to show the true name and capacity of John Doe 2 when it has ascertained the same. Pursuant to 28 U.S.C. §1332(c)(2), the Estate of Phyllis Giannini is a citizen of California because, upon information and belief, Phyllis Giannini was domiciled in California at the time of her death.

5. John Doe 3 is an individual, whose identity is not yet known to Transamerica, and who was or is the Administrator of the Estate of Michael Dunigan, for the benefit of whom the Overpayment (as defined herein) was made, but will likely be identified during this litigation. The true name of John Doe 3 is unknown to Transamerica, which therefore sues such Defendants by such fictitious name. Transamerica will amend this complaint to show the true name and capacity of John Doe 3 when it has ascertained the same. Pursuant to 28 U.S.C. §1332(c)(2), the Estate of Michael Dunigan is a citizen of California because, upon information and belief, Michael Dunigan was domiciled in California at the time of his death.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and Plaintiff is a citizen of, and has its principal place of business in, Iowa and Defendants are a citizen and of California.

6. Venue is proper in this district under 28 U.S.C. § 1391, because at least one Defendant is located in and a substantial part of the property that is the subject of this action is situated in this judicial district.

## BACKGROUND

7. On February 23, 1989, The Worker's Compensation Appeals Board for the State of California entered an order establishing Trust Account Number ****3613, in the name of Mr. Dunigan (the "Trust"). The order appoints Sterling Bank as trustee, declaring that it is responsible for administration of the Trust and directly it to "pay all payments from

- 3 -

PLAINTIFF'S COMPLAINT
Case No

the annuity to Phyllis Dunigan – Giannini, Guardian ad Litem for Michael Dunigan." See Ex. 1, the Order Establishing the Trust.

8. On March 3, 1989, Transamerica issued an annuity (no. 001671CS01Z) (the "Annuity") for the benefit of Mr. Dunigan. Under the terms of the Annuity, Mr. Dunigan, via the Trust, became entitled to receive payments, including monthly payments of $2,000.00 commencing on April 6, 1989, with guaranteed payments for 20 years, and continuing only so long as Mr. Dunigan was living (the "Periodic Payments"). See Ex. 2, the Annuity.

9. In accordance with its obligation under the Annuity, Transamerica began issuing the Periodic Payments to the Trust on April 6, 1989.

10. Originally, the monthly Periodic Payments were sent as checks made payable to Sterling Bank, Trustee for Michael Dunigan, Trust Account Number ****3613. Subsequently, the monthly Periodic Payments were sent as checks made payable to City National Bank, c/o Phyllis Giannini Trustee for the Trust (the "Trustee").

11. Unbeknownst to Transamerica, Mr. Dunigan passed away on March 19, 2016.

12. Because Transamerica was not promptly advised of Mr. Dunigan's death, it unknowingly issued posthumous Periodic Payments to the Trust from March 19, 2016, through August 27, 2020, totaling $108,000.00 (the "Overpayment").

13. Transamerica was neither required nor obligated to make the Periodic Payments that comprised the Overpayment to the Trust because Mr. Dunigan was deceased at the time of the payments.

14. Upon learning of the Overpayment, Transamerica immediately stopped issuing payments under the Annuity and began demanding repayment of the Overpayment from the Trustee. True and correct copies of the letters sent by Transamerica are attached hereto as Ex. 3 (the "Overpayment Correspondence"). Unbeknownst to Transamerica, Phyllis Giannini, the Trustee, died on May 29, 2016, upon information and belief. Upon learning of the death of the Trustee in 2026, Transamerica made good faith attempts to

- 4 -

PLAINTIFF'S COMPLAINT
Case No

identify the successor trustee.  As such, Transamerica was forced to file this complaint naming the subsequent trustee as John Doe 1 and the administrator of the Estate of Phyllis Giannini as John Doe 2 and the administrator of the Estate of Michael Dunigan as John Doe 3.

15.    The Overpayment was never the property of nor owned by the Trust, the Trustee, and/or the Defendants, nor did they have any rights to the Overpayment at any point in time.

16.    Transamerica has made repeated demands for the return and repayment of the Overpayment; however, to date, the Overpayment has not been returned.

17.    As a result of the above, Transamerica has been damaged by Defendants failure to return the Overpayment to Transamerica and is entitled to recovery.

18.    Transamerica is the sole owner of the Overpayment, and the Defendants were not entitled to receive or retain the Overpayment or any portion thereof.

19.    Transamerica has also been damaged by Defendants' ongoing possession, control, and use of the Overpayment, as well as the refusal to return the Overpayment.

### COUNT I - UNJUST ENRICHMENT

### (All Defendants)

20.    Transamerica hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

21.    As a result of the improper retention of the $108,000.00 Overpayment by Defendants, Transamerica has conferred a measurable benefit upon Defendants to which they are not entitled.

22.    Defendants are aware that they are not entitled to such funds, including because of correspondence from Transamerica to the Defendants alerting them to the Overpayment and the need to return the overpaid funds to Transamerica.

23.    Defendants have enjoyed the benefit of said overpaid funds and have failed to return them to Transamerica despite its demand that they do so.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S COMPLAINT
Case No

24.     Defendants have received and retained such benefits under circumstances that make it inequitable and unjust for them to retain such benefits without payment of value.

25.     Transamerica did not officiously or gratuitously confer such Overpayment.

26.     Transamerica is entitled to restitution of the overpaid funds.

## COUNT II – CONVERSION

### (All Defendants)

27.     Transamerica hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

28.     Transamerica was only obligated to make the Periodic Payments under the Annuity if Mr. Dunigan was alive on the date each payment came due.

29.     Following Mr. Dunigan's death on March 19, 2016, Transamerica was no longer obligated to issue any further Periodic Payments for the benefit of Mr. Dunigan or anyone else, including Defendants.

30.     As a result of the failure by Defendants, or any other heir or representative, to timely notify Transamerica of Mr. Dunigan's death, Defendants ultimately received the Overpayment.

31.     The Overpayment is, rightfully, Transamerica's property.

32.     Upon learning of Mr. Dunigan's death, Transamerica immediately sought reimbursement of the Overpayment.  See Ex. 3.  Despite these demands for return of the Overpayment, Defendants failed to return the Overpayment to Transamerica and remain in possession of the Overpayment.

33.     Defendants have deprived Transamerica of, and interfered with Transamerica's rights to, the $108,000.00 Overpayment received from Transamerica by refusing and failing to return the funds to Transamerica.

34.     Defendants have no right to the Overpayment, which is the property of Transamerica.

35.     Defendants converted the Overpayment to their own benefit and use.  This

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S COMPLAINT
Case No

use of the Overpayment is in defiance of the rights of the true owner – Transamerica.

36.     Transamerica has been damaged by Defendants' refusal to return the overpaid funds.

37.     The actions of Defendants constitute conversion of Transamerica's property.

## COUNT III - MONEY HAD AND RECEIVED

### (All Defendants)

38.     Transamerica hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

39.     Defendants ultimately received from Transamerica the Overpayment which is comprised of Periodic Payments that were contingent on the life of Mr. Dunigan, and were not due and owing under the Annuity following the death of Mr. Dunigan.

40.     Transamerica was only obligated under the Annuity to issue the monthly Periodic Payments if Mr. Dunigan was alive.

41.     Upon information and belief, Defendants wrongfully exercised dominion and control over the Overpayment, and used the Overpayment for their own personal use and, thereby, directly benefited from their receipt and retention of the Overpayment.

42.     Under principles of equity and good conscience, Defendants should not be permitted to keep any of the Overpayment.

43.     Defendants are obligated to return said funds to Transamerica.

## COUNT IV – PUNITIVE DAMAGES

### (All Defendants)

44.     Transamerica hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

45.     Upon information and belief, Defendants continue to have access to the Overpayment funds.

46.     Transamerica has made repeated demands of Defendants to repay the Overpayment, which Defendants have failed and refused to do. *See* Ex. 3.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S COMPLAINT
Case No

47.    Defendants' conduct amounts to an intentional and knowing refusal to return the Overpayment to Transamerica, who is the rightful owner of the property.

WHEREFORE, Transamerica requests that judgment be entered against Defendants for actual damages in the amount of $108,000.00, plus punitive damages, interest, reasonable costs, including attorneys' fees, and such other relief as the Court deems just and proper.

Dated: July 21, 2026                    **FAEGRE DRINKER BIDDLE & REATH LLP**


By: */s/ Susan Y. Ly*
      SUSAN Y. LY

      Attorneys for Plaintiff
      TRANSAMERICA LIFE INSURANCE
      COMPANY

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

PLAINTIFF'S COMPLAINT
Case No